**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Bank of Oklahoma, N.A., | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION TO DISMISS AND MOTION** |
| | ) | **TO STAY PROCEEDINGS** |
| vs. | ) | |
| | ) | |
| Tharaldson Motels II, Inc., a North | ) | |
| Dakota corporation, | ) | |
| | ) | Case No. 1:09-cv-030 |
| Defendant. | ) | |

_____

Before the Court is the Defendant's "Motion to Dismiss or, Alternatively, to Stay Proceeding Pending Outcome of Parallel Litigation in Nevada State Court" filed on July 6, 2009.  See Docket No. 8.  The Plaintiff filed a response in opposition to the motion on August 5, 2009.  See Docket No. 24.  The Defendants filed a reply brief on September 4, 2009.  See Docket No. 28.  Oral argument was held on November 18, 2009.  For the reasons set forth below, the Court denies the Defendant's motion.


I.      **BACKGROUND**

The plaintiff, Bank of Oklahoma, N.A., is a financial services company engaged in commercial lending activities for the development of commercial, retail, and residential real estate development and construction.  The defendant, Tharaldson Motels II, Inc., is a developer and operator of select service and extended service hotels across the country.  The Plaintiff and the Defendant are involved in a complex real estate development project in Las Vegas, Nevada known as "Manhattan West."  See Docket No. 1.  Manhattan West was designed and approved as a mixed-

use community featuring more than 600 condominiums in an eleven-story tower and several mid-rise buildings, and more than 200,000 square feet of shops, restaurants, and office and hotel space.

Manhattan West's developer was Gemstone Development West, LLC, a Nevada limited liability company. Scott Financial Corporation, a North Dakota corporation, agreed to loan up to $110-million to Gemstone Development West for the development. Scott Financial obtained funding for the loan through a banking syndicate that included 29 financial institutions. The Plaintiff was one of those institutions and had agreed to fund $24-million on the project. According to the complaint, the Defendant executed a guaranty for the benefit of the Plaintiff in January 2008, which was a condition of the Plaintiff's funding. A provision in the guaranty provides:

> 10.    This Guaranty shall be construed according to and will be enforced under the substantive and procedural . . . laws of the State of North Dakota. [The Defendant] Guarantor hereby consents to the exclusive personal and venue jurisdiction of the state and federal courts located in Burleigh County, North Dakota in connection with any controversy related in any way to this Guaranty, and waives any argument that venue in such forums is not convenient.

See Docket No. 1-1.

On January 13, 2009, Club Vista Financial Services, LLC, Tharaldson Motels II, and Gary D. Tharaldson filed a state court action in Clark County, Nevada against Scott Financial Corporation, Brad Scott, the Bank of Oklahoma, Gemstone Development West, and Asphalt Products Corporation, alleging, in part, fraud, breach of fiduciary duty, and breach of contract. See Docket Nos. 11 and 12. On June 12, 2009, the Plaintiff filed a complaint in federal district court in North Dakota alleging that the $110-million loan is in default and the Defendant has refused to honor its contractual commitments under the terms of the guaranty. See Docket No. 1.

The Defendant contends this case should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or, in the alternative, stayed pending the outcome of the litigation in Nevada state court. The Plaintiff argues the federal court should retain jurisdiction.

## II.   STANDARD OF REVIEW

Rule 8(a) of the Federal Rules of Civil Procedure sets forth the federal pleading requirements for civil cases. Rule 8(a) provides that pleadings must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).

Rule 12(b)(1) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there is a lack of subject-matter jurisdiction. It is well-established that "a district court 'has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1).'" Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 637 n.4 (8th Cir. 2003) (quoting Osborn v. United States, 918 F.2d 724, 728 n.4 (8th Cir. 1990) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947))). Unlike a motion to dismiss under 12(b)(6), looking at matters outside the pleadings does not convert a Rule 12(b)(1) motion to a motion for summary judgment. Harris, 339 F.3d at 637 n. 4. The Eighth Circuit has explained that the difference between the two rules "is rooted in the unique nature of the jurisdictional question." Osborn, 918 F.2d at 729 (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). "[A] district court has 'broader power to decide its own right to hear the case than it has when the merits of the case are reached.'" Id. Jurisdictional issues, whether they involve questions of law or fact, are for the court to decide.

3

III.    **LEGAL DISCUSSION**

The Defendant contends this Court should abstain or, in the alternative, stay from exercising jurisdiction over the case because of the pending claims in Nevada state court. "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)). This rule stems from the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Colorado River, 424 U.S. at 817. Several abstention doctrines have been articulated by the Supreme Court as exceptions to this rule, one of which is the Colorado River doctrine.

Colorado River abstention is premised on notions of "'conservation of judicial resources and comprehensive disposition of litigation.'" Id. (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)). Case law has clarified that the Colorado River doctrine allows abstention when two requirements are met:  1) parallel state and federal actions, and 2) exceptional circumstances. Fru-Con Constr. Corp. v. Controlled Air, Inc., 574 F.3d 527, 534 (8th Cir. 2009) (plurality opinion) (citing Colorado River, 424 U.S. at 817-18)); see also Baskin v. Bath Twp. Bd. of Zoning Appeals, 15 F.3d 569, 571 (6th Cir. 1994) (indicating that the presence of parallel proceedings is a prerequisite for the application of Colorado River abstention).

A.      **PARALLEL STATE AND FEDERAL ACTIONS**

The Eighth Circuit requires more precision than "substantially similar parties litigating substantially similar issues" in determining whether state and federal proceedings are parallel for

purposes of the <u>Colorado River</u> doctrine. <u>Fru-Con</u>, 574 F.3d at 535. The Eighth Circuit has clarified that:

> The pendency of a state claim based on the same general facts or subject matter as a federal claim and involving the same parties is not alone sufficient. Rather, a substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court. This analysis focuses on matters as they currently exist, not as they could be modified. Moreover, in keeping with the Supreme Court's charge to abstain in limited instances only, jurisdiction must be exercised if there is any doubt as to the parallel nature of the state and federal proceedings.

<u>Id.</u> (internal citations omitted). A threshold issue is whether parallel proceedings were pending in the Nevada state court at the time the plaintiff brought its action in federal district court. <u>Fru-Con</u>, 574 F.3d at 537 (citing <u>Scottsdale Ins. Co. v. Detco Indus., Inc.</u> 426 F.3d 994, 996 (8th Cir. 2005)).

The Plaintiff argues that the only similarity between the state and federal actions is they both involve the same general business venture. The Defendant argues that both actions raise the question of the enforceability of the guaranty and are mirror images of each other. The Nevada state court action was filed five months before the Plaintiff filed this complaint in federal district court. The action in Nevada involves multiple parties, including the Plaintiff and the Defendant. Parallel does not mean identical, and the mere presence of additional parties or issues in one of the cases does not necessarily preclude a finding that they are parallel. <u>See</u> <u>AAR Int'l, Inc. v. Nimelias Enterprises S.A.</u>, 250 F.3d 510, 518 (7th Cir. 2001).

The amended complaint in the Nevada state court action alleges, in part, that the guaranty between the Plaintiff and the Defendant was entered into based on fraud and/or mistake, and requests that the Nevada state court declare the Defendant's obligations under the guaranty to be invalid, not legally binding, and/or unenforceable. <u>See</u> Docket No. 9. Therefore, the enforceability

of the guaranty between the Bank of Oklahoma and Tharaldson Motels II, Inc. is at issue in the Nevada state court action.

In Fru-Con, a recent Eighth Circuit plurality opinion, a contractor and a subcontractor entered into an agreement that contained law and forum selection clauses requiring all disputes between the parties to be governed by Missouri law and to be brought in Missouri state court or a federal district court in Missouri.  574 F.3d at 530.  A dispute arose between the parties, the subcontractor recorded a construction lien on March 1, 2007, and then filed suit in Nebraska state court to foreclose the construction lien.  Id. at 530-31.  However, the contractor had previously filed a breach of contract claim against the subcontractor in a federal district court in Missouri.  The contractor also filed a counterclaim in the Nebraska state court action alleging breach of contract. The subcontractor filed a motion to abstain or dismiss in federal court, and the contractor filed a motion to dismiss or stay in state court.  The federal district court in Missouri granted the motion to abstain and dismissed the contractor's breach of contract action, but only after the Nebraska state court retained jurisdiction over the lien foreclosure action.  Id. at 532.

Judge Beam wrote the plurality opinion in Fru-Con and found that the federal and state court actions were not parallel for purposes of the Colorado River abstention doctrine.  One of the reasons behind his finding was because the subcontractor sought to foreclose a lien, while the contractor sought common law contract damages.

> In sum, the state lien foreclosure proceeding will not dispose of the federal contract action and the sources of law, remedies sought, elements of proof, review on appeal, and events giving rise to each cause of action are different.  Additionally, [the subcontractor] has never asserted the lien foreclosure claim in the federal district court.  So, as to the lien foreclosure, there is neither similar claims nor similar parties in both state and federal courts as required for parallelism.

Fru-Con, 574 F.3d at 537.

Judge Beam further found that even though the contractor had filed a counterclaim in the Nebraska state court action, which made the breach of contract claim pending in both actions, parallelism still did not exist.  Judge Beam discounted the counterclaim because there was nothing in the federal district court record that concerned the counterclaim, the subcontractor conceded that the counterclaim was not filed with the federal district court, and it was not mentioned in the briefs to the appellate court.  Id. at 537 n.8.  Another reason was that at the time the federal district court abstained, the counterclaim was not yet filed in state court.  Further, Judge Beam noted that parallelism did not exist because "enforcement, or not, of the contractual forum selection clause was a federal court procedural matter governed by federal law."  Id. at 538.  In order for parallelism to exist between the state and federal proceedings, "[t]he state court proceeding must present to the federal court the same issues, *not governed by federal law*, between the same parties."  Id. (internal citations omitted) (emphasis in original).

The other two Eighth Circuit appellate judges disagreed with Judge Beam and found the two actions to be parallel.  Id. at 540-41 (Bye, J., concurring; Shepherd, J., dissenting).  They agreed that a lien foreclosure action and a suit for breach of contract are not parallel proceedings for purposes of the Colorado River abstention doctrine.  "However, on October 22, 2007, four months before the district court abstained, the [contractor] filed a counterclaim in the Nebraska suit asserting the same cause of action for breach of contract that it asserted in federal court."  Fru-Con, 574 F.3d at 541 (Shepherd, J., dissenting).

This Court finds that the state and federal proceedings in this dispute are parallel for purposes of the Colorado River doctrine.  The same contractual guaranty is at issue in both the state and federal proceedings and between the same parties.  In summary, the Nevada state court action

and the federal action before this Court are parallel proceedings for purposes of the <u>Colorado River</u> abstention doctrine.

## B.    EXCEPTIONAL CIRCUMSTANCES

Abstention under <u>Colorado River</u> also involves the balancing of several factors.  There are essentially six non-exhaustive factors to be considered in determining whether exceptional circumstances warrant abstention under the <u>Colorado River</u> doctrine:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority - not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

<u>Fru-Con</u>, 574 F.3d at 534 (citing <u>Mountain Pure, LLC v. Turner Holdings, LLC</u>, 439 F.3d 920, 926 (8th Cir. 2006)).  These factors are not to be applied as a "mechanical checklist."  <u>Moses H. Cone</u>, 460 U.S. at 16; <u>Federated Rural Elec. Ins. Corp. v. Ark. Elec. Cooperatives, Inc.</u>, 48 F.3d 294, 297 (8th Cir. 1995).  Instead, the factors must be carefully balanced (as the weight given to any one factor will vary from case to case) with the balance weighed heavily in favor of the exercise of jurisdiction.

### 1)    RES OR PROPERTY OVER WHICH ONE COURT HAS ESTABLISHED JURISDICTION

The Defendant contends that the res is the "Manhattan West" real estate project which is located in Las Vegas, Nevada.  The Plaintiff argues this is an in personam action and there is no res.

It is clear and undisputed that the litigation in the federal district court of North Dakota concerns the contractual guaranty executed by Tharaldson Motels II for the benefit of the Bank of Oklahoma. This factor does not weigh in favor of abstention.


2)      **INCONVENIENCE OF THE FEDERAL FORUM**

Since the guaranty requires the application of North Dakota law, the Nevada state forum is "at least incrementally less convenient" than the North Dakota federal forum. Fru-Con, 574 F.3d at 539. The Defendant argues that Nevada is the more convenient forum because the "Manhattan West" project is located in Nevada, most of the fact witnesses are located in Nevada, and most of the events giving rise to these claims arose in Nevada. However, "'mere inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause.'" Id. (quoting Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 790 (8th Cir. 2006)). The Court finds that this factor weighs against abstention and in favor of the exercise of jurisdiction in federal court in North Dakota.


3)      **PIECEMEAL LITIGATION**

The most predominant factor for the court to consider is whether retaining jurisdiction will result in piecemeal litigation. Federated Rural Elec., 48 F.3d at 297 (citing Moses H. Cone, 460 U.S. at 16, 21). "'Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.'" Keating v. Univ. of S.D., 386 F. Supp. 2d 1096, 1103 (D.S.D. 2005) (quoting LaDuke v. Burlington N. R.R. Co., 879 F.2d 1556, 1560 (7th Cir. 1989)).

The enforceability of the guaranty between the Bank of Oklahoma and Tharaldson Motels II is a relatively minor issue among the many complex factual and legal issues present in the Nevada state court action.

> Although the issues of both cases could be resolved in [the Nevada state] court, the reason that the cases have developed in separate venues is [the Defendant's] disregard of the forum selection clause and its race to the courthouse.  We will not allow the concern of piecemeal litigation to override the principles of fairness and equity.  Were it otherwise, any party seeking to avoid the effect of a forum selection clause could simply [file] suit first in a venue of its choice and argue that the venue of its choice should hear all claims in order to avoid piecemeal litigation.

Truserv Corp. v. Flegles, Inc., No. 03C3284, 2003 WL 22839812, at *4 (N.D. Ill. Nov. 25, 2003). "'[T]he potential for conflict between a federal action and a parallel state action, standing alone, does not 'justify staying of the exercise of federal jurisdiction' under the Colorado River abstention doctrine." Kingland Sys. Corp. v. Colonial Direct Fin. Group, Inc., 188 F. Supp. 2d 1102, 1118-19 (N.D. Iowa 2002) (quoting Federated Rural Elec., 48 F.3d at 297).  This factor does not weigh in favor of abstention, nor is this factor sufficient to establish "exigent circumstances."  Kingland Sys. Corp., 188 F. Supp. 2d at 1119.  The Court finds that this factor favors the exercise of federal court jurisdiction in North Dakota.


   4)   **PRIORITY**

The priority of the cases arguably weighs slightly in favor of abstention.  The Nevada state court action was filed approximately five months before the complaint was filed in federal district court in North Dakota.  However, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Federated Rural Elec., 48 F.3d at 298 (citing Moses H. Cone, 460 U.S. at 21)).  While the presiding

judge in the Nevada state court action has ruled on some non-dispositive discovery motions, the Nevada case is still in the very early stages of discovery with no trial date yet established.  The state court action in Nevada is complex and will, without question, take several years to resolve.  The parties have identified more than one hundred potential fact witnesses and the commencement of depositions is on hold until after the voluminous document discovery is completed.  <u>See</u> Docket No. 24-3.  The Court finds that this factor is neutral and does not weigh in favor of or against abstention.

### 5)   <u>STATE OR FEDERAL LAW CONTROL</u>

When federal law controls most of the parties' claims, that factor is a "major consideration" against abstention.  <u>Cedar Rapids Cellular Tel., L.P. v. Miller</u>, 280 F.3d 874, 879 (8th Cir. 2002). However, when governed only partly by federal law, and "the bulk of the litigation" revolves around state law, it is a factor the Supreme Court has expressly relied upon in approving a federal court's stay.  <u>Moses H. Cone</u>, 460 U.S. at 24 n.29 (citing <u>Colorado River</u>, 424 U.S. at 820).

Federal procedural law governs the enforceability of a forum selection clause.  <u>See</u> <u>Fru-Con</u>, 574 F.3d at 538-39; <u>Mongold v. Universal Nationwide, L.L.C.</u>, No. 8:09CV86, 2009 WL 3297508 at *2 (D. Neb. Oct. 13, 2009).  State substantive law will apply to the bulk of the litigation because this claim was brought in federal court through diversity jurisdiction, and there is no federal substantive law at issue.  <u>See</u> Docket No. 1-2; <u>see also</u> <u>Moses H. Cone</u>, 460 U.S. at 24 n.29.  The contractual guaranty provides that it will be construed under North Dakota law.  <u>See</u> Docket No. 1-1. Only in rare circumstances will the presence of state law issues in federal court weigh in favor of abstention.  <u>Fru-Con</u>, 574 F.3d at 539 (quoting <u>Federated Rural Elec.</u>, 48 F.3d at 299).  "[T]he fact that state law governs this case does not provide a reason for abstention."  <u>Federated Rural Elec.</u>,

48 F.3d at 299.  The Court finds that this factor cannot be afforded any significant weight under the circumstances.


6)      **ADEQUACY OF STATE FORUM TO PROTECT FEDERAL PLAINTIFF'S RIGHTS**

"[T]here is no presumption that a state court is biased or otherwise inadequate to protect the federal plaintiff's rights."  U.S. Fidelity & Guar. Co. v. Murphy Oil USA, Inc., 21 F.3d 259, 263 (8th Cir. 1994).  This factor is relatively neutral in the analysis and does not weigh in favor of or against abstention under the Colorado River doctrine.


7)      **FORUM SHOPPING**

While forum shopping is not one of the factors to be considered under Colorado River, the Eighth Circuit has considered "whether the federal or state suit is filed as for a vexatious, reactive or tactical reason."  Federated Rural Elec., 38 F.3d at 29.  The Plaintiff waited until the Nevada state court action was filed before filing its complaint in federal district court in North Dakota which could arguably be deemed reactive.  The record also reveals that there may have been tactical reasons for Tharaldson to file an action in Nevada state court.  However, in light of the forum selection clause in the guaranty executed by Tharaldson Motels II, the factor of forum shopping is of relatively minor significance.

In summary, in consideration of all the Colorado River factors, and after carefully balancing all such factors, the Court in its discretion finds that exceptional circumstances do not exist that

warrant abstention.  The Court further finds that in balancing the factors to be considered, the balance weighs strongly in favor of the exercise of federal court jurisdiction.[1]


### C.   WAIVER

The Defendant contends that the Plaintiff has waived the choice of law and forum provisions in the guaranty.  The Plaintiff argues that it made a timely objection to venue in the Nevada state court action.  On July 21, 2009, the Bank of Oklahoma filed an answer to the plaintiffs' first amended complaint in Nevada.  See Docket No. 28-1.  On the front page of its answer, the Bank of Oklahoma objected to the Nevada state court's exercise of jurisdiction to the extent that any claims relating to the guaranty executed by Tharaldson Motels II should be resolved in the North Dakota federal court action.  The Court disagrees that the objection to venue was "buried" in the answer. See Docket No. 28.  The Court finds that the Plaintiff has not waived the choice of law and forum provision in the guaranty.


### D.   MOTION TO STAY

"[F]ederal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary."  Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 731 (1996); see also Warmus v. Melahn, 110 F.3d 566, 568 (8th Cir. 1997). The relief sought in the federal complaint is breach of the guaranty and damages in excess of $21-million.  In an action for damages, it is clear that a federal court may stay the action based on

---

[1]The Defendant also contends that the choice of law and forum provision in the guaranty is unenforceable because it was obtained by fraud.  The enforceability of the guaranty goes to the merits of the claim and is not relevant to the analysis under Colorado River.

abstention principles, but the court cannot dismiss the action outright.  Quackenbush, 517 U.S. at 721.  Based on a careful review of the entire record, and in the exercise of its discretion and inherent authority to control the docket, the Court finds that a stay is unwarranted under the circumstances. The parties deserve an expeditious resolution of the issues presented.

## IV.    CONCLUSION

The Court finds that the state and federal actions are parallel for purposes of the Colorado River abstention doctrine, but that exceptional circumstances do not exist which warrant abstention. A careful balancing of the factors to be considered weighs in favor of the exercise of federal jurisdiction in North Dakota.  The Court further finds that the Plaintiff has not waived the choice of law and forum selection provision in the guaranty.   Accordingly, the Court **DENIES** the Defendant's Motion to Dismiss, or Alternatively, to Stay Proceeding Pending Outcome of Parallel Litigation in Nevada State Court (Docket No. 8).  This matter should be referred to Magistrate Judge Charles S. Miller, Jr. for the scheduling of a  Rule 16 conference and a trial date.

**IT IS SO ORDERED.**

Dated this 25th day of November, 2009.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court

14