**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Bank of Oklahoma, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Tharaldson Motels II, Inc., a North Dakota corporation, | ) ) | |
| | ) | Case No. 1:09-cv-030 |
| Defendant. | ) | |
| _____ | ) ) | |
| Tharaldson Motels II, Inc., a North Dakota corporation; Gary D. Tharaldson, a resident of the state of Nevada; and Club Vista Financial Services, LLC, a Nevada limited liability company, | ) ) ) ) ) ) | |
| Third-Party Plaintiffs and/or Counterclaimants, | ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Bank of Oklahoma, N.A.; Scott Financial Corporation, a North Dakota corporation; Bradley J. Scott, a resident of North Dakota; Gemstone Development West, Inc., a Nevada corporation; Asphalt Products Corporation, a Nevada corporation d/b/a APCO Construction; Doe Individuals 1-100; Roe Business Entities 1-100; and Maslon Edelman Borman & Brand, LLP, a Minnesota limited liability partnership, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Third-Party Defendants and/or Counterdefendants. | ) ) | |

_____

Before the Court are five motions: (1) Bank of Oklahoma, N.A.'s Motion to "Drop Misjoined Parties" filed on January 11, 2010; (2) Bank of Oklahoma, N.A.'s "Motion to Dismiss

Gary D. Tharaldson's and Club Vista Financial Services, Inc.'s Third Party Complaint" filed on January 11, 2010; (3) Scott Financial Corporation and Bradley J. Scott's "Motion to Dismiss Third-Party Complaint" filed on January 15, 2010; (4) APCO Construction's "Motion to Dismiss Complaint" filed on February 2, 2010; and (5) Maslon Edelman Borman & Brand, LLP's "Motion to Dismiss or Sever and Transfer Claims" filed on March 8, 2010.  See Docket Nos. 49, 50, 52, 71, and 96.  For the reasons set forth below, the Court grants Bank of Oklahoma, N.A.'s motion to drop misjoined parties and finds the other motions moot.

## I.     BACKGROUND

The plaintiff, the Bank of Oklahoma, N.A. (Bank of Oklahoma), is a financial services company engaged in commercial lending activities for the development of commercial, retail, and residential real estate development and construction.  The defendant, Tharaldson Motels II, Inc. (Tharaldson Motels II), is a developer and operator of select service and extended service hotels across the country.  Bank of Oklahoma and Tharaldson Motels II are involved in a complex real estate development project in Las Vegas, Nevada known as "Manhattan West."  See Docket No. 1.

Manhattan West's developer was Gemstone Development West, LLC (Gemstone), a Nevada limited liability company.  The general contractor for the construction of the Manhattan West project was Asphalt Products Corporation, d/b/a APCO Construction (APCO), a Nevada corporation.  Scott Financial Corporation (Scott Financial) is a North Dakota corporation, and Bradley J. Scott is the president of Scott Financial.  Club Vista Financial Services, LLC (Club Vista) is a Nevada limited liability company. Gary D. Tharaldson indirectly owns one hundred percent of the member interests in Club Vista and a minority interest in Tharaldson Motels II.

Scott Financial agreed to loan up to $110 million to Gemstone for the development of the Manhattan West project. Scott Financial obtained funding for the loan through a banking syndicate that included 29 financial institutions. Bank of Oklahoma was one of the institutions and had agreed to fund $24 million on the project. Tharaldson Motels II executed a guaranty for the benefit of Bank of Oklahoma in January 2008. A provision in the guaranty provides:

> 10. This Guaranty shall be construed according to and will be enforced under the substantive and procedural . . . laws of the State of North Dakota. Guarantor [Tharaldson Motels II] hereby consents to the exclusive personal and venue jurisdiction of the state and federal courts located in Burleigh County, North Dakota in connection with any controversy related in any way to this Guaranty, and waives any argument that venue in such forums is not convenient.

See Docket No. 1-1.

On January 13, 2009, Club Vista, Tharaldson Motels II, and Gary Tharaldson filed a state court action in Clark County, Nevada against Scott Financial, Bradley Scott, Bank of Oklahoma, Gemstone, APCO, Doe Individuals 1-100, and Roe Business Entities 1-100, alleging in part fraud, breach of fiduciary duty, and breach of contract. See Docket Nos. 11 and 12. On June 12, 2009, Bank of Oklahoma filed a complaint in federal district court in North Dakota alleging that the $110 million loan is in default and Tharaldson Motels II has refused to honor its contractual commitments under the terms of the guaranty. See Docket No. 1. Tharaldson Motels II filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or, in the alternative, stay pending the outcome of the litigation in Nevada state court. See Docket No. 8. The Court heard oral argument on November 18, 2009. See Docket No. 38. On November 25, 2009, the Court issued an "Order Denying Defendant's Motion to Dismiss and Motion to Stay Proceedings." See Docket No. 39.

On December 9, 2009, Tharaldson Motels II filed an "Answer to Bank of Oklahoma's Complaint and Counterclaim and/or Third-Party Complaint" that added all of the parties that were pending in the Nevada state court action. See Docket No. 40. On January 21, 2010, Tharaldson Motels II filed an amended counterclaim and/or third-party complaint that added Maslon Edelman Borman & Brand, LLP (Maslon), a Minnesota law firm, as a third-party defendant.[1] See Docket No. 57. In its amended counterclaim and/or third-party complaint, Tharaldson Motels II, Club Vista, and Gary Tharaldson assert the following eighteen claims: (1) fraudulent misrepresentation as against Bradley Scott, Scott Financial, Bank of Oklahoma, and APCO; (2) fraudulent concealment/fraudulent omissions as against Bradley Scott, Scott Financial, and Bank of Oklahoma; (3) constructive fraud as against Bradley Scott, Scott Financial, and Bank of Oklahoma; (4) negligent misrepresentation/negligent omission as against Bradley Scott, Scott Financial, and Bank of Oklahoma; (5) securities fraud as against Bradley Scott, Scott Financial, and Bank of Oklahoma; (6) defamation as against Scott Financial and Bank of Oklahoma; (7) breach of fiduciary duty as against Bradley Scott, Scott Financial, and Bank of Oklahoma; (8) aiding and abetting breach of fiduciary duty as against Bank of Oklahoma; (9) acting in concert/civil conspiracy as against Bradley Scott, Scott Financial, Bank of Oklahoma, APCO, and Gemstone; (10) breach of contract as against Bradley Scott, Scott Financial, and Bank of Oklahoma; (11) breach of covenant of good faith and fair dealing as against Bradley Scott, Scott Financial, and Bank of Oklahoma; (12) negligence as against Bradley Scott, Scott Financial, and Bank of Oklahoma; (13) declaratory judgment as against Bradley Scott, Scott Financial, Bank of Oklahoma, APCO, and Gemstone; (14)

---

[1] On January 21, 2010, Club Vista, Tharaldson Motels II, and Gary Tharaldson filed a complaint against Maslon Edelman Borman & Brand, LLP in Nevada as well. See Docket No. 77-1. The Nevada complaint contains the same claims against Maslon as the amended counterclaim and/or third-party complaint before this Court.

4

professional malpractice/negligence as against Maslon; (15) negligent misrepresentation/negligent omission as against Maslon; (16) breach of fiduciary duty as against Maslon; (17) aiding and abetting breach of fiduciary duty as against Maslon; and (18) aiding and abetting misrepresentations and omissions as against Maslon.

Bank of Oklahoma requests that the Court drop all of the parties, except Bank of Oklahoma and Tharaldson Motels II, as misjoined parties under Rule 21 of the Federal Rules of Civil Procedure or, in the alternative, sever the claims. Scott Financial and Bradley Scott contend the third-party claims against them should be dropped pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure due to a lack of subject matter jurisdiction. APCO contends the third-party claims asserted against it should be dismissed pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(3) of the Federal Rules of Civil Procedure due to a lack of subject matter and personal jurisdiction and improper venue. Maslon contends the third-party claims asserted against it should be dismissed pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, the claims asserted against it should be severed pursuant to Rule 14(a)(4) of the Federal Rules of Civil Procedure and transferred to the United States District Court for the District of Minnesota under 28 U.S.C. § 1404(a).

## II. STANDARD OF REVIEW

Rule 21 of the Federal Rules of Civil Procedure states: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Misjoinder "occurs when there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims

against defendants do not stem from the same transaction." DirectTV, Inc. v. Leto, 467 F.3d 842, 844 (3d Cir. 2006); see Strandlund v. Hawley, 532 F.3d 741, 745 (8th Cir. 2008) (adopting the Third and Seventh Circuits' interpretations of Rule 21). The Third and Seventh Circuits interpreted Rule 21 "to permit dismissals of parties only if they do not cause 'gratuitous harm to the parties' for the 'discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is just.'" Strandlund, 532 F.3d at 745 (internal citations omitted). Rule 21 has the purposes of both Rule 19 and Rule 20: (1) "to insure the presence of an 'essential core' of parties and issues, to avoid a multiplicity of suits" and (2) to permit "the Court to add parties but to avoid unduly complicating the proceeding." Stark v. Indep. Sch. Dist. No. 640, 163 F.R.D. 557, 564 (D. Minn. 1995) (citing 7 Charles A. Wright et al., Federal Practice and Procedure §§ 1602, 1652, 1681 (1986)). It is also appropriate, under Rule 21, for the Court to consider judicial economy and efficiency in reaching its conclusion. Stark, 163 F.R.D. at 564.

### III.    LEGAL DISCUSSION

At the hearing on November 18, 2009, Tharaldson Motels II asserted that the action before this Court and the action in Nevada state court are the same and that this action should be dismissed or stayed pending the outcome in Nevada. At the hearing, Tharaldson Motels II argued:

> And we submit that because of the complexity of this case, that this court in North Dakota is not as convenient as Nevada. Nevada is the one jurisdiction that has jurisdiction over all of the parties and can also decide the lien priority issues. It's doubtful that all of those claims could be resolved here in North Dakota given the location of the parties and that the project is located there. . . .

See Docket No. 42, p. 16. Tharaldson Motels II contends that litigating one guaranty here and all other matters in Nevada would create piecemeal litigation. However, the Court ruled otherwise in

its November 25, 2009 order. See Docket No. 39. The Court held that the guaranty between the Bank of Oklahoma and Tharaldson Motels II would be litigated in this court. The Court's clear intention was that it would handle that relatively minor legal issue among the many complex factual and legal issues present in the Nevada state court action. It appears that Tharaldson Motels II was unhappy with the Court's decision and subsequently filed a counterclaim and/or third-party complaint in this Court that brings in all of the parties and the multitude of issues currently pending in the Nevada state court action.

Only the Bank of Oklahoma and Tharaldson Motels II are parties to the guaranty. Dismissing all of the parties added by the amended counterclaim and/or third-party complaint does not cause gratuitous harm to Tharaldson Motels II or any of the subsequently added parties. Tharaldson Motels II is able to assert counterclaims and affirmative defenses against Bank of Oklahoma. There is no indication that dropping the misjoined parties will adversely affect Tharaldson Motels II, Club Vista, or Gary Tharaldson's claims. See Strandlund, 532 F.3d at 746 (finding that the district court abused its discretion by dropping the appellants because the statute of limitations on many of their claims appeared to have run at the time of the district court's Rule 21 order). On the other hand, allowing the misjoined parties to remain part of this North Dakota action would result in an unreasonable duplication of litigation and expense since the same issues are pending before the Nevada state court. Counsel for Tharaldson Motels II admitted that "Nevada is the one jurisdiction that has jurisdiction over all of the parties and can also decide the lien priority issues." See Docket No. 42, p. 16.

Taking into consideration judicial economy and efficiency, the Court finds, in its discretion, that it is appropriate and just to drop all but the original parties to this action, the Bank of Oklahoma

and Tharaldson Motels II. The claims asserted by Gary Tharaldson and Club Vista will be dismissed without prejudice. The claims against Scott Financial, Bradley Scott, Gemstone, APCO, Doe Individuals 1-100, Roe Business Entities 1-100, and Maslon will also be dismissed without prejudice.

### IV.   CONCLUSION

Tharaldson Motels II wants all of the multitude of disputes litigated together even though the Court has previously ruled otherwise. The Court finds that Gary Tharaldson, Club Vista, Scott Financial, Bradley Scott, Gemstone, APCO, Doe Individuals, Roe Business Entities, and Maslon are misjoined parties to this action. Accordingly, the Court **GRANTS** the Bank of Oklahoma's motion to drop misjoined parties (Docket No. 49), **DISMISSES WITHOUT PREJUDICE** the claims asserted by Gary D. Tharaldson and Club Vista Financial Services, LLC, and **DISMISSES WITHOUT PREJUDICE** the claims against Scott Financial Corporation, Bradley J. Scott, Gemstone Development West, Inc., Asphalt Products Corporation, d/b/a APCO Construction, Doe Individuals 1-100, Roe Business Entities 1-100, and Maslon Edelman Borman & Brand, LLP. Therefore, the Court:

(1) **FINDS AS MOOT** the Bank of Oklahoma's "Motion to Dismiss Gary D. Tharaldson's and Club Vista Financial Services, Inc.'s Third Party Complaint" (Docket No. 50);

(2) **FINDS AS MOOT** Scott Financial and Bradley Scott's "Motion to Dismiss Third-Party Complaint" (Docket No. 52);

(3)     **DENIES** Scott Financial and Bradley Scott's motion for oral argument (Docket No. 56);

(4)     **FINDS AS MOOT** APCO's motion to dismiss (Docket No. 71);

(5)     **DENIES** APCO's motion for oral argument (Docket No. 74);

(6)     **FINDS AS MOOT** Maslon Edelman Borman & Brand, LLP's "Motion to Dismiss or Sever and Transfer Claims" (Docket No. 96);

(7)     **DENIES** Maslon Edelman Borman & Brand, LLP's motion for oral argument (Docket No. 97); and

(8)     **DENIES** the Bank of Oklahoma's motion for oral argument (Docket No. 100).

**IT IS SO ORDERED.**

Dated this 8th day of July, 2010.

>   */s/  Daniel L. Hovland*
>   Daniel L. Hovland, District Judge
>   United States District Court