**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Bank of Oklahoma, N.A., | ) | |
| | ) | |
| Plaintiff/Counter Defendant, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR INJUNCTION** |
| vs. | ) | |
| | ) | |
| Tharaldson Motels II, Inc., a North Dakota corporation, | ) ) | |
| | ) | Case No. 1:09-cv-030 |
| Defendant/Counter Claimant. | ) | |

_____

Before the Court is the Plaintiff's "Motion to Prohibit Defendant from Continuing to Litigate the TM2I Guaranty in the Nevada Action" filed on July 21, 2010. See Docket No. 126. On August 11, 2010, the Defendant filed a response in opposition to the motion. See Docket No. 132. The Plaintiff filed a reply brief on August 18, 2010. See Docket No. 135. For the reasons set forth below, the Court denies the Plaintiff's motion.

**I.   BACKGROUND**

The plaintiff, Bank of Oklahoma, N.A. (Bank of Oklahoma), and the defendant, Tharaldson Motels II, Inc. (Tharaldson Motels II), are involved in a complex real estate development project in Las Vegas, Nevada known as "Manhattan West." Gemstone Development West, LLC (Gemstone) was Manhattan West's developer. Scott Financial Corporation (Scott Financial) agreed to loan up to $110 million to Gemstone for the development of the Manhattan West project. Scott Financial obtained funding for the loan through a banking syndicate that included 29 financial institutions. Bank of Oklahoma was one of the institutions and had agreed to fund $24 million on the project.

In connection with the lending arrangement, Tharaldson Motels II executed a guaranty for the benefit of Bank of Oklahoma in January 2008.[1]  A provision in the guaranty provides:

> 10.   This Guaranty shall be construed according to and will be enforced under the substantive and procedural . . . laws of the State of North Dakota. Guarantor [Tharaldson Motels II] hereby consents to the exclusive personal and venue jurisdiction of the state and federal courts located in Burleigh County, North Dakota in connection with any controversy related in any way to this Guaranty, and waives any argument that venue in such forums is not convenient.

See Docket No. 1-1.

On January 13, 2009, Club Vista Financial Services, LLC, Tharaldson Motels II, and Gary D. Tharaldson filed a state court action in Clark County, Nevada against Scott Financial, Bank of Oklahoma, Gemstone, and others, alleging in part fraud, breach of fiduciary duty, and breach of contract.  See Docket Nos. 11 and 12.  On June 12, 2009, Bank of Oklahoma filed a complaint in federal district court in North Dakota alleging that the $110-million loan is in default and Tharaldson Motels II has refused to honor its contractual commitments under the terms of the guaranty.  See Docket No. 1.  Tharaldson Motels II filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or, in the alternative, stay pending the outcome of the litigation in Nevada state court.  See Docket No. 8.  The Court heard oral argument on November 18, 2009.  See Docket No. 38.  On November 25, 2009, the Court issued an "Order Denying Defendant's Motion to Dismiss and Motion to Stay Proceedings."  See Docket No. 39.

On December 9, 2009, Tharaldson Motels II filed an "Answer to Bank of Oklahoma's Complaint and Counterclaim and/or Third-Party Complaint" that added all of the parties that were pending in the Nevada state court action.  See Docket No. 40.  On January 21, 2010, Tharaldson

---

[1] Tharaldson Motels II now contends that Gary D. Tharaldson, as president of Tharaldson Motels II, did not agree to or authorize the guaranty.

2

Motels II filed an amended counterclaim and/or third-party complaint that added Maslon Edelman Borman & Brand, LLP (Maslon), a Minnesota law firm, as a third-party defendant. See Docket No. 57. On July 8, 2010, the Court issued an order granting the Bank of Oklahoma's motion to drop all but the original parties to this action, Bank of Oklahoma and Tharaldson Motels II. See Docket No. 123.

Bank of Oklahoma requests the Court issue an order directing Tharaldson Motels II to (1) cease and desist litigating the merits of the guaranty in the Nevada action; (2) cease and desist from attempting to suggest that the signature on the guaranty is not authentic based upon its repeated judicial admission; (3) award attorney's fees and costs; and (4) order such other relief the Court deems just and proper.

Bank of Oklahoma contends an injunction is warranted because the Court has exercised exclusive jurisdiction over the guaranty and Tharaldson Motels II has judicially admitted executing the guaranty. Tharaldson Motels II contends the Anti-Injunction Act prohibits the Court from enjoining litigation in the Nevada state court action. In its reply brief, Bank of Oklahoma asserts that an exception to the Anti-Injunction Act applies.

**II.    LEGAL DISCUSSION**

The Anti-Injunction Act, 28 U.S.C. § 2283, states, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Anti-Injunction Act "imposes an absolute ban upon the issuance of a federal injunction against a pending state court proceeding, in the absence of one of the recognized exceptions . . . ." Mitchum

v. Foster, 407 U.S. 225, 228-29 (1972). "Courts must construe the exceptions to the Anti-Injunction Act narrowly and resolve doubts in favor of letting the state action proceed." Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc., 77 F.3d 1063, 1068 (8th Cir. 1996) (citing Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970); Vendo Co. v. Lektro Vend Corp., 433 U.S. 623, 630 (1977) (plurality)).

Bank of Oklahoma contends this situation warrants an exception to the Anti-Injunction Act because an injunction is "necessary in aid of [this Court's] jurisdiction." 28 U.S.C. § 2283. The Supreme Court has explained that the "necessary in aid of its jurisdiction" exception means injunctions may be issued where "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." Atl. Coast Line R.R. Co., 398 U.S. at 295. The "necessary in aid of its jurisdiction" exception is known as the "in rem" exception because it usually involves in rem actions where the court has jurisdiction over a res. Kan. Pub. Emps. Ret. Sys., 77 F.3d at 1068 n.4 (citing Vendo Co., 433 U.S. at 641; In re Fed. Skywalk Cases, 680 F.2d 1175, 1183 (8th Cir.), *cert. denied*, 459 U.S. 988 (1982)). The Supreme Court has held:

> The traditional notion is that in personam actions in federal and state court may proceed concurrently, without interference from either court, and there is no evidence that the exception to s 2283 was intended to alter this balance. We have never viewed parallel in personam actions as interfering with the jurisdiction of either court . . .
>
> "[A]n action brought to enforce [a personal liability] does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata . . . ."

Vendo Co., 433 U.S. at 642 (alterations in original) (quoting Kline v. Burke Constr. Co., 260 U.S. 226, 230 (1922)).

Bank of Oklahoma cites Winkler v. Eli Lilly & Co., 101 F.3d 1196 (7th Cir. 1996), in support of its motion. In Winkler, the federal district court allowed the plaintiffs' lead counsel in a multidistrict litigation to withdraw after the lead counsel allegedly entered into an agreement with the defendants in a related state court action. Various plaintiffs sought discovery in state courts of the terms of the alleged agreement. The federal district court issued a permanent injunction enjoining the plaintiffs, and anyone else who might seek to do so, from attempting to discover the terms of the alleged agreement. Winkler, 101 F.3d at 1200-01. The Seventh Circuit Court of Appeals held the Anti-Injunction Act did not deprive the federal district judge "of the authority to issue an injunction against these plaintiffs to protect the integrity of his pre-trial ruling." Id. at 1201. The Seventh Circuit concluded that "the Anti-Injunction Act does not bar courts with jurisdiction over complex multidistrict litigation from issuing injunctions to protect the integrity of their rulings, including pre-trial rulings like discovery orders, as long as the injunctions are narrowly crafted to prevent specific abuses which threaten the court's ability to manage the litigation effectively and responsibly." Id. at 1203.

Here, the Court has not ordered that it would have exclusive jurisdiction over the guaranty between the Bank of Oklahoma and Tharaldson Motels II. In its November 25, 2009 order, the Court found that the state and federal proceedings in this dispute are parallel since the same contractual guaranty is at issue in both proceedings and between the same parties. See Docket No. 39. In its July 8, 2010 order, the Court clarified that the guaranty between the Bank of Oklahoma and Tharaldson Motels II would be litigated in this court and that its "clear intention was that it

5

would handle that relatively minor legal issue among the many complex factual and legal issues present in the Nevada state court action." See Docket No. 123.  The July 8, 2010 order did not preclude the Nevada state court from determining whether the guaranty is enforceable.

The Supreme Court has clearly held that an injunction is not necessary merely because the state court may take action which the federal court may find improper. Atl. Coast Line R.R. Co., 398 U.S. at 296 ("lower federal courts possess no power whatever to sit in direct review of state court decisions").  The possibility that the Nevada state court could decide whether the guaranty is enforceable is not enough to invoke the "necessary in aid of its jurisdiction" exception.  Several federal district courts have found the Anti-Injunction Act precludes ordering an injunction against continuing state court litigation where enforceability of forum and venue selection clauses were at issue.  See Great Lakes Dredge & Dock Co., LLC v. Larrisquitu, Civil Action Nos. H-06-3489, H-06-3669, H-06-4040, 2007 WL 2330187 (S.D. Tex. Aug. 15, 2007) (unpublished) (finding that no exceptions to the Anti-Injunction Act applied where enforceability of forum selection clause was at issue); Northfield Ins. Co. v. Odom Indus., Inc., 119 F. Supp. 2d 631 (S.D. Miss. 2000) (finding the "necessary in aid of its jurisdiction" exception to the Anti-Injunction Act did not apply even though a federal forum selection clause existed); Bridgeport Machs., Inc. v. Alamo Iron Works, Inc., 76 F. Supp. 2d 209 (D. Conn. 1999) (finding that even though the Texas state court action may have been brought improperly in a Texas venue based on the parties' forum selection clause or that Connecticut law should apply does not bring this case within any exception to the Anti-Injunction Act without any substantive ruling or judgment yet by the federal court).

Before this Court is an action concerning the interpretation of a guaranty executed by Tharaldson Motels II for the benefit of Bank of Oklahoma.  It is well-settled that circumstances such

as these do not justify invocation of the exceptions of the Anti-Injunction Act. See Vendo Co., 433 U.S. at 642 (reversing federal court injunction against enforcement of the state court judgment where anti-competition agreement was in dispute); Kline, 260 U.S. at 230 (reversing federal court injunction against state court proceedings where contract obligations were in dispute, rather than rights relating to a res); 17A Charles Alan Wright et al., Federal Practice and Procedure § 4225 (3d ed. 2010) ("The 'necessary in aid of its jurisdiction' exception does not allow a federal court to enjoin state proceedings merely because they involve issues presented in a federal in personam action.").

### III.  CONCLUSION

After carefully reviewing the entire record, the Court finds that the Anti-Injunction Act precludes the Court from issuing an injunction preventing the Defendant from litigating the guaranty in the Nevada state court action. Accordingly, the Court **DENIES** the Plaintiff's "Motion to Prohibit Defendant from Continuing to Litigate the TM2I Guaranty in the Nevada Action" (Docket No. 126).

**IT IS SO ORDERED.**

Dated this 15th day of October, 2010.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court