**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Bank of Oklahoma, N.A., | ) | |
| | ) | |
| Plaintiff/Counter Defendant, | ) | **ORDER DENYING MOTION** |
| | ) | **TO UNSEAL AND GRANTING** |
| vs. | ) | **MOTION TO SEAL** |
| | ) | |
| Tharaldson Motels II, Inc., a North | ) | |
| Dakota corporation, | ) | |
| | ) | Case No. 1:09-cv-030 |
| Defendant/Counter Claimant. | ) | |

On August 13, 2010, the defendant, Tharaldson Motels II, Inc. (Tharaldson Motels II), filed a motion to seal Gary Tharaldson's deposition transcript. On August 26, 2010, the court entered an order granting the motion. On August 27, 2010, the plaintiff, Bank of Oklahoma, N.A. (BOK) filed a motion to unseal Gary Tharaldson's deposition transcript. On September 10, 2010, Tharaldson Motels II filed a response in opposition to BOK's motion along with a motion to seal Tim James' deposition transcript. For the reasons set forth below, BOK's motion to unseal Gary Tharaldson's deposition transcript is denied and Tharaldson Motels II's motion to seal Tim James' deposition transcript is granted.

**I.    BACKGROUND**

BOK and Tharaldson Motels II are presently engaged in a two-front battle arising out of their involvement in "Manhatten West," a complex real estate development located in Las Vegas, Nevada.

Gemstone Development West LLC (Gemstone) was Manhatten West's developer. It financed Manhatten West through a loan it obtained from Scott Financial Corporation (Scott Financial) for an amount up to $110 million. Scott Financial obtained funding for this loan through

a syndicate of twenty-nine financial institutions.

BOK was one of the institutions participating in the syndicate. It agreed to fund $24 million of Gemstone's loan. As a condition of its participation in the syndicate and partial funding of Gemstone's loan, Tharaldson Motels II executed a Guaranty for the benefit of BOK on January 22, 2008. Paragraph 10 of the Guaranty stated:

> This Guaranty shall be construed according to and will be enforced under the substantive and procedural laws of the State of North Dakota. Guarantor hereby consents to the exclusive personal and venue jurisdiction of the state and federal courts located in Burleigh County, North Dakota in connection with any controversy related in any way to this Guaranty and waives any argument that venue in such forums is not convenient.

Docket No. 1-1.

On January 13, 2009, Club Vista Financial Services, LLC, Tharaldson Motels II, and Gary Tharaldson filed suit against Scott Financial, BOK, Gemstone, and others in the state district court of Clark County, Nevada. See Docket Nos. 11 and 12.

On June 16, 2009, BOK filed suit against Tharaldson Motels II in this district, asserting that Gemstone's loan was in default and that Tharaldson Motels II had refused to honor its contractual commitments under the terms of the Guaranty. Tharaldson Motels II promptly filed a motion to dismiss or, in the alternative, stay the above-entitled action pending the outcome of the Nevada action. The court declined to grant either request and denied the motion in an order dated November 25, 2009.

On December 8, 2009, the Nevada state court issued a "Confidentiality Order" in the Nevada action. Therein it directed the parties to file documents under seal containing information designated as confidential or restricted.

On July 21, 2010, BOK filed a "Motion to Prohibit Defendant from Continuing to Litigate

2

the TM2I Guaranty in the Nevada Action." Therein it requested this court to enjoin Tharaldson Motels II from litigating the merits of the Guaranty in the Nevada action or otherwise challenging the authenticity of its signature on the Guaranty.

On August 11, 2010, Tharaldson Motels II filed a responsive brief in opposition to BOK's motion. It attached a redacted copy of Gary Tharaldson's deposition transcript, marked as Exhibit B, to its responsive brief. See Docket No. 132-2. It simultaneously filed a complete and unredacted copy of Gary Tharaldson's deposition transcript. See Docket No. 133.

On August 13, 2010, Tharaldson Motels II filed a motion requesting this court to seal Gary Tharaldson's deposition transcript pursuant to the Nevada state court's "Confidentiality Order."

On August 18, 2010, BOK filed a reply to Tharaldson Motel's responsive brief, to which it attached a portion of Tim James' deposition transcript that it had marked as Exhibit D. See Docket No. 135-4. It also filed a complete and unredacted copy of Tim James' deposition transcript. See Docket No. 136.

On August 26, 2010, the court granted Tharaldson Motels II's motion to seal Gary Tharaldson's deposition transcript. BOK promptly filed a motion requesting that the court reconsider its order. Thereafter, on September 10, 2010, Tharaldson Motels II filed a response in opposition to BOK's motion and motion to seal Tim James' deposition transcript.

**II.     DISCUSSION**

The Nevada state court's "Confidentiality Order" contemplated that portions of the depositions transcripts containing information designated as confidential or restricted would be separately bound and filed under seal. It further outlined a procedure to which the parties would adhere in the event one disagreed with the other's designations.

BOK avers that the "Confidentiaty Order" contemplated that portions of deposition transcripts not containing confidential or restricted information would not be filed under seal. It further asserts that Tharaldson Motels II has not presented a legally sufficient reason for sealing the entire deposition transcripts and can alleviate any concern about the disclosure of confidential information through redaction.

In response, Tharaldson Motels II stresses that the parties are required by D.N.D Civ. L.R. 7.1(d)(1) to file full and complete copies of the deposition transcripts.  It further insists the transcripts at issue contain confidential information and that the parties to the Nevada action had agreed, at least for convenience at the depositions, to treat them as confidential, with the understanding that  non-confidential portions could be "undesignated" in accordance with procedures outlined in the Nevada state court's "Confidentiality Order." It concludes by stating that BOK has not complied with these procedures.

 The transcripts at issue are of depositions taken in the parallel action currently pending in Nevada.  They therefore remain subject to the parties' agreement regarding the dissemination and disclosure of confidential information, which the Nevada state court memorialized in its "Confidentiality Order."

This court recognizes there are portions of the deposition transcripts that may not contain references to or discussions of confidential information.  This court's rules neither contemplate the filing of redacted transcripts or excerpts from the transcripts, however; they require that the transcripts relied upon by the parties be filed in their entirety.  While the Nevada state court's "Confidentiality Order" may not be strictly binding here, the court does not want to place the parties in a situation where they are subject to differing requirements.  Under the present circumstances,

unless the parties in the Nevada action have resolved their differences over Tharaldson's Motels II's designations in the manner contemplated in the "Confidentiality Order" or are otherwise relieved of their confidentiality obligations, these transcripts shall be filed under seal. Also, as a clear party to the "Confidentiality Order" in related litigation, BOK is in a poor position to argue public interest.

### III. CONCLUSION

BOK's motion to unseal documents (Docket No. 140) is **DENIED**. Tharaldson Motels II's request to seal Tim James' deposition transcript (Docket No. 141) is **GRANTED**. Further, before any more motions are filed on this subject, the party seeking relief should contact the undersigned so that a conference call can first be conducted with all the parties in an attempt to resolve the matter.

**IT IS SO ORDERED.**

Dated this 8th day of February, 2011.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge